DANIEL E. GARDENSWARTZ (SBN 169749)
dgardenswartz@swsslaw.com
HARSH Y. RONVELIA (SBN 319667)
hronvelia@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Plaintiff
AP PARPRO, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AP PARPRO, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHGATE GLOBAL LIMITED, a British private limited company,<br><br>Defendant. | Case No. '22CV0936 BEN MSB<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>(1) BREACH OF CONTRACT;<br>(2) QUANTUM VALEBANT;<br>(3) GOODS AND SERVICES RENDERED;<br>(4) OPEN BOOK ACCOUNT;<br>(5) ACCOUNT STATED;<br>(6) CONVERSION; AND<br>(7) DECLARATORY RELIEF<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff AP PARPRO, Inc. ("PARPRO," the "Seller," or "Plaintiff") brings forth the instant complaint ("Complaint") against defendant Southgate Global Limited ("Southgate," the "Buyer," or "Defendant") and alleges as follows:

## NATURE OF ACTION

1. PARPRO brings the instant suit to facilitate redress for Southgate's wrongdoings in relation to these parties' business relationship that existed from early-2021 through mid-2022. Specifically, PARPRO and Southgate had agreed that PARPRO would provide certain goods to Southgate in exchange for timely payment upon receipt of those goods. Southgate failed to make such timely payment in accordance with the parties' agreement and remained in possession of PARPRO's delivered goods.

2.     As of the date of this Complaint, Southgate's unlawful behavior continues. Southgate affirmatively refuses to compensate for the delivered goods despite repeated requests and good faith extensions and remains in willful breach of the parties' governing contract.

3.     In order to address the harms it has suffered, PARPRO hereby alleges claims for: (1) breach of contract of the operative agreement; (2) quantum valebant; (3) goods and services rendered (4) open book account; (5) account stated; (6) conversion; and (7) declaratory relief.

**JURISDICTION AND VENUE**

4.     The Court has diversity jurisdiction of this action under 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the parties are completely diverse.  Plaintiff is a Nevada corporation with its principal place of business in California, while Defendant, upon Plaintiff's information and belief, is a foreign corporation that is neither lawfully admitted for permanent residence in the United States nor domiciled in any of its States as a result.  In fact, upon Plaintiff's information and belief, Defendant is incorporated under the laws of England and Wales with its head office in Norfolk, United Kingdom.

5.     This Court may exercise personal jurisdiction over Southgate because it purposefully consummated a business transaction with Plaintiff, a resident of the State of California, and Plaintiff's claims alleged herein arise directly out of this transaction.  The exercise of jurisdiction would thus comport with fair play and substantial justice.  This Court may alternatively exercise personal jurisdiction over Southgate because it engages in substantial, systematic, or continuous activity within the State of California.

6.     Venue is proper in the Southern District of California on multiple grounds.  The parties agreed in the governing terms and conditions that the appropriate venue for all disputes related to the transaction and contract would be a court of competent jurisdiction for the location of Plaintiff's place of business filling the order.  Given Plaintiff's business location in San Diego, California fulfilled the subject transaction, the instant venue is appropriate pursuant to the parties' agreement.  Venue is additionally appropriate under both subsections (2) and (3) of 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in

this District and no other judicial district is otherwise appropriate.

## PARTIES

7. PARPRO is a corporate entity organized under the laws of the State of Nevada with its principal place of business in Santa Ana, California. PARPRO is qualified to do business, and does business, in the State of California.

8. Plaintiff is informed and believes, and on that basis alleges, that Southgate is a British private limited company organized under the laws of England and Wales with its principal place of business in Norfolk, United Kingdom.

## FACTUAL BACKGROUND

### Quotes and Purchase Orders

9. In or around February 2021, PARPRO and Southgate entered into a business relationship wherein PARPRO agreed to produce and sell, and Southgate agreed to purchase, certain goods, including tow stow carts, pack stations, and manager desks (the "Goods").

10. On or around February 19, 2021, PARPRO provided the initial quote to produce and deliver tow stow carts to Southgate ("First Quote"), incorporating therein the applicable Terms and Conditions of the business relationship and corresponding transactions. In particular, the terms of payment were specified to be 30 days the date of invoice and any unpaid balance would begin bearing interest at 15% per annum on the 31st day from date of invoice; further, the entire transaction and the parties' performances would be governed by the laws of the State from which the subject goods were shipped – here, the State of California. A true and correct copy of this First Quote is attached hereto as ***Exhibit A***.

11. On or around March 4, 2021, Southgate executed a credit application ("Credit Application") and, in pertinent part, therein expressly certified that it had read and agreed to the Terms and Conditions set forth in the First Quote. A true and correct copy of this Credit Application is attached hereto as ***Exhibit B***.

12. On or around April 28, 2021, PARPRO informed Southgate that the price per tow stow cart quoted in the First Quote would increase from $300.00 to $371.19.

13. On or around May 3, 2021, in response to the First Quote, Southgate submitted

purchase order #104354 to PARPRO for 1,440 tow stow carts for $534,513.60 at a price of $371.19 each ("First Purchase Order"). A true and correct copy of this First Purchase Order is attached hereto as *Exhibit C*.

14. On or around June 22, 2021, PARPRO provided another quote to Southgate, this time for the production and delivery of pack stations and manager desks ("Second Quote") (collectively, with the First Quote, the "Quotes"), again incorporating the same applicable Terms and Conditions as those set forth in the First Quote. A true and correct copy of this Second Quote is attached hereto as *Exhibit D*.

15. On or around August 3, 2021, in response to the Second Quote, Southgate submitted purchase order #106206 to PARPRO for 128 pack stations at varying prices for a total of $47,892.00 and 30 manager desks for $10,800.00 at a price of $360.00 each ("Second Purchase Order") (collectively, with the First Purchase Order, "Purchase Orders"), for a grand total of $58,692.00. A true and correct copy of the Second Purchase Order is attached hereto as *Exhibit E*.

### PARPRO's Full Performance and Southgate's Failure to Timely Pay

16. As of the date of this Complaint, PARPRO has completed its performance in accordance with the provisions of the Quotes, Credit Application, and Purchase Orders (collectively "Operative Agreement").

17. On the other hand, Southgate has failed to fulfill the obligation under applicable provisions of the Operative Agreement to make timely payments upon receipt of invoices for Southgate's purchases. As of the date of this Complaint, a total balance of $440,304.59 is overdue on Southgate's account.

   a. A balance of $8,004.00 remains on Invoice #21074 for the Second Purchase Order, which was dated August 31, 2021 and due on September 30, 2021. Interest began accruing on this remaining balance on October 1, 2021.

   b. A balance of $11,024.00 remains on Invoice #21076 for the Second Purchase Order, which was dated August 31, 2021 and due on September 30, 2021. Interest began accruing on this remaining balance on October 1, 2021.

   c. A balance of $28,864.00 remains on Invoice #21077 for the Second Purchase

1  Order, which was dated August 31, 2021 and due on September 30, 2021. Interest began accruing
2  on this remaining balance on October 1, 2021.

3        d.    A balance of $10,800.00 remains on Invoice #21078 for the Second Purchase
4  Order, which was dated August 31, 2021 and due on September 30, 2021. Interest began accruing
5  on this remaining balance on October 1, 2021.

6        e.    A balance of $22,642.59 remains on Invoice #21318 for the First Purchase
7  Order, which was dated September 23, 2021 and due on October 23, 2021. Though the original
8  balance on this invoice was $40,830.90, Southgate paid another invoice, Invoice #21041, twice, in
9  the amount of $18,188.31, allowing PARPRO to apply that duplicative payment to this Invoice
10 #21318. Interest began accruing on this remaining balance of $22,642.59 on October 24, 2021.

11       f.    A balance of $40,830.90 remains on Invoice #21354 for the First Purchase
12 Order, which was dated October 4, 2021 and due on November 3, 2021. Interest began accruing on
13 this remaining balance on November 4, 2021.

14       g.    A balance of $40,830.90 remains on Invoice #21411 for the First Purchase
15 Order, which was dated October 6, 2021 and due on November 5, 2021. Interest began accruing on
16 this remaining balance on November 6, 2021.

17       h.    A balance of $40,830.90 remains on Invoice #21414 for the First Purchase
18 Order, which was dated October 8, 2021 and due on November 7, 2021. Interest began accruing on
19 this remaining balance on November 8, 2021.

20       i.    A balance of $40,830.90 remains on Invoice #21476 for the First Purchase
21 Order, which was dated October 13, 2021 and due on November 12, 2021. Interest began accruing
22 on this remaining balance on November 13, 2021.

23       j.    A balance of $40,830.90 remains on Invoice #21475 for the First Purchase
24 Order, which was dated October 18, 2021 and due on November 17, 2021. Interest began accruing
25 on this remaining balance on November 18, 2021.

26       k.    PARPRO applied a credit of $40,830.90 to the Purchase Orders on Invoice
27 #21680, which was dated October 31, 2021.

28       l.    A balance of $122,492.70 remains on Invoice #22196 for the First Purchase

Order, which was dated December 27, 2021 and due on January 26, 2022. Interest began accruing on this remaining balance on January 27, 2022.

      m.    A balance of $40,830.90 remains on Invoice #22197 for the First Purchase Order, which was dated December 27, 2021 and due on January 26, 2022. Interest began accruing on this remaining balance on January 27, 2022.

      n.    A balance of $44,542.80 remains on Invoice #22198 for the First Purchase Order, which was dated December 27, 2021 and due on January 26, 2022. Interest began accruing on this remaining balance on January 27, 2022.

      o.    PARPRO applied a credit of $10,920.00 to the Purchase Orders on Invoice #22322, which was dated January 25, 2021.

      p.    PARPRO applied a credit of $1,300.00 to the Purchase Orders on Invoice #22323, which was dated January 25, 2022.

    18.    In or around February 2022, Southgate informed PARPRO that Southgate would continue to willfully withhold the remaining total balance of $440,304.59 despite the absence of adequate grounds to do so under the governing provisions in the Operative Agreement. Among other things, Southgate claims that the failure to deliver certain Goods under the First Purchase Order within the estimated time frame caused damage to Southgate in an amount that has never been identified, and attempted to justify the withholding of payments – pertaining to both Purchase Orders – otherwise due in some other amounts that have never been identified. Regardless, the Operative Agreement is clear that the Seller, PARPRO, made no promises or guarantees with respect to when the requested Goods would be delivered to the Buyer, Southgate:

> ***Seller shall not be liable for delays in delivery*** or for failure to perform due to any causes, including, without limitation, acts of God, acts or omissions of Buyer or civil or military authorities, fires, strikes, epidemics, quarantine restriction, flood, earthquakes, riot, war, delays in transportation or inability to obtain necessary labor, materials, or supplies. In the event of any delay, the contractual date of delivery, if any, shall be extended for a period equal to the time lost as a consequence of such delay without penalty to Seller. (Exh. A, § 2; Exh. D, § 2)

    19.    Southgate also suggested that certain of the Goods were designed in such a way that may or have caused injury, yet conveniently ignore that the Goods in question were designed by

Southgate; Plaintiff has simply manufactured and shipped the Goods in accordance with Southgate's requested specifications, and Southgate accepted the Goods in question after physically inspecting the prototypes designed to those specifications. Further, the Operative Agreement is clear that PARPRO has no warranty obligations beyond ensuring that goods were manufactured in accordance with their specifications:

> Seller warrants that, at the time of delivery, the goods covered hereby are in accordance with their manufacturer's specifications, ***but makes no other warranty with respect to such products***. Seller agrees, as Seller shall elect, to credit the account of Buyer or replace without charge to Buyer all goods which at the time of delivery are not in such condition, but only if Buyer returns such goods within 10 days from the date of delivery, in original package and condition of delivery, without their numbers or any part thereof altered, defaced, or removed, to Seller's plant of shipment, accompanied by a specification in writing of the defects involved. (Exh. A, § 6; Exh. D, § 6)

20. Despite accepting the risks of supply chain or other delay due to "any causes," and despite receipt and acceptance of the Goods in accordance with their design specification, Southgate has failed and refused to pay for the Goods. As a result of Southgate's illegal conduct, including breaches of the Operative Agreement, PARPRO has suffered – and will continue to suffer – damages in an amount to be fully determined at trial but no less than ***$440,304.59***, plus 15% annual interest applicable to each invoice listed above, which amount of interest is currently estimated to be approximately ***$40,000*** and continues to accrue. PARPRO therefore brings this action for money damages and declaratory relief.

## FIRST CLAIM FOR RELIEF

**Breach of Operative Agreement**

**(Against Southgate)**

21. Plaintiff hereby incorporates each of the above paragraphs as if fully set forth herein.

22. The Operative Agreement is a valid and enforceable contract exists between PARPRO and Southgate.

23. PARPRO performed all of its obligations under the Operative Agreement.

24. Southgate breached the Operative Agreement by failing to make payments within 30 days from the dates of 11 total invoices between August 2021 and October 2021.

25. All unpaid balances began bearing interest at 15% per annum on the 31st day from date of each specific invoice.

26. As a direct and proximate result of Southgate's breach, PARPRO has suffered – and if the conduct is not stopped, will continue to suffer – damages in an amount to be fully determined at trial but no less than $440,304.59 plus 15% applicable annual interest for each unsatisfied invoice.

## SECOND CLAIM FOR RELIEF

### Quantum Valebant

### (Against Southgate)

27. Plaintiff hereby incorporates each of the above paragraphs as if fully set forth herein.

28. Within the last two years, PARPRO sold and shipped Goods to Southgate from San Diego, California to Southgate's business, and at the special request of Southgate. Southgate accepted, used, and enjoyed the Goods, and thereby implicitly agreed to pay for the reasonable value of the Goods.

29. PARPRO has demanded payment from Southgate for the reasonable value of the Goods, but Southgate has refused, and continues to refuse, PARPRO's demand for payment.

30. The fair and reasonable value of the Goods is in excess of $440,304.59.

## THIRD CLAIM FOR RELIEF

### Goods and Services Rendered

### (Against Southgate)

31. Plaintiff hereby incorporates each of the above paragraphs as if fully set forth herein.

32. Southgate requested, by words and conduct, that PARPRO produce and deliver the Goods for the benefit of Southgate.

33. PARPRO performed pursuant to Southgate's request by producing and delivering the Goods as requested.

34. Southgate has not fully paid PARPRO for these Goods, as a total balance of $440,304.59 remains, plus interest at the legal rate.

/ / /

/ / /

**FOURTH CLAIM FOR RELIEF**

**Open Book Account**

**(Against Southgate)**

35. Plaintiff hereby incorporates each of the above paragraphs as if fully set forth herein.

36. PARPRO and Southgate had financial transactions with each other.

37. In its regular course of business, PARPRO kept an electronic account of the debits and credits involved in the transactions.

38. Southgate owes a balance of $440,304.59 to PARPRO pursuant to the relevant transactions, plus interest at the legal rate.

**FIFTH CLAIM FOR RELIEF**

**Account Stated**

**(Against Southgate)**

39. Plaintiff hereby incorporates each of the above paragraphs as if fully set forth here.

40. Southgate owes money to PARPRO for the relevant financial transactions.

41. Southgate, by words and conduct, has agreed that the amount that PARPRO claims to be overdue from Southgate – $440,304.59 – is the correct amount owed.

42. Southgate, by words and conduct, previously promised to pay the stated amount to PARPRO upon successful delivery of all requested Goods.

43. Southgate has not paid, and continues to owe, to PARPRO the remaining balance of $440,304.59, plus interest at the legal rate.

**SIXTH CLAIM FOR RELIEF**

**Conversion**

**(Against Southgate)**

44. Plaintiff hereby incorporates each of the above paragraphs as if fully set forth here.

45. PARPRO owned, possessed, and had the right to possess the Goods produced and delivered pursuant to the Operative Agreement.

46. Southgate substantially interfered with PARPRO's property by knowingly and intentionally taking possession of the Goods without corresponding timely payment.

47. PARPRO did not consent to Southgate's taking and disposition of PARPRO's property and was harmed by it.

48. Southgate's conduct was a substantial factor in causing the harm to PARPRO.

49. As a direct and proximate result of Southgate's acts, PARPRO has suffered – and if the conduct is not stopped, will continue to suffer – damages in an amount to be fully determined at trial but no less than $440,304.59, plus interest at the legal rate.

### SEVENTH CLAIM FOR RELIEF

### Declaratory Relief

### (Against Southgate)

50. Plaintiff hereby incorporates each of the above paragraphs as if fully set forth here.

51. An actual controversy has arisen and now exists between PARPRO, on the one hand, and Southgate, on the other hand, concerning their respective rights in and duties under the Operative Agreement. Specifically, PARPRO contends that Southgate breached the Operative Agreement by, among other things, failing to make timely payments and willfully refusing to fulfill its obligations under the contract without any adequate basis for the refusal, and asserted defenses to payment that conflict with the express terms and conditions of the Operative Agreement. PARPRO is informed and believes and on that basis alleges that Southgate disputes these contentions.

52. PARPRO desires a judicial determination of the parties' rights and duties under the Operative Agreement and legal relationships stemming therefrom. Under the circumstances alleged, such a judicial declaration is both necessary and appropriate at this time so that PARPRO and Southgate can ascertain their respective obligations stemming from the Operative Agreement, address past harm, and avoid future harm.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

ON THE FIRST CLAIM FOR RELIEF:

1. For all damages suffered by PARPRO, the final amount to be fully determined at trial but in no event less than $440,304.59; and

2. For interest in the amount of 15% per annum, which began accruing interest on the 31st day from date of each specific invoice past due as alleged above.

ON THE SECOND CLAIM FOR RELIEF:

1. The fair and reasonable value of the Goods, which is no less than $440,304.59; and

2. For interest at the legal rate.

ON THE THIRD CLAIM FOR RELIEF:

1. The fair and reasonable value of the Goods, which is no less than $440,304.59; and

2. For interest at the legal rate.

ON THE FOURTH CLAIM FOR RELIEF:

1. The fair and reasonable value of the Goods, which is no less than $440,304.59; and

2. For interest at the legal rate.

ON THE FIFTH CLAIM FOR RELIEF:

1. The fair and reasonable value of the Goods, which is no less than $440,304.59; and

2. For interest at the legal rate.

ON THE SIXTH CLAIM FOR RELIEF:

1. For all damages suffered by PARPRO, the final amount to be fully determined at trial but in no event less than $440,304.59; and

2. For interest at the legal rate.

ON THE SEVENTH CLAIM FOR RELIEF:

1. For a judicial determination and declaration of the parties' rights and duties under the Operative Agreement and legal relationships stemming therefrom.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ON ALL CLAIMS FOR RELIEF:

1. For costs of suit;

2. For attorneys' fees as allowed by law and/or contract; and

3. For such other and further relief as the Court deems just and proper.

DATED: June 24, 2022                          SOLOMON WARD SEIDENWURM & SMITH, LLP

By: *Harsh Y. Ronvelia*
DANIEL E. GARDENSWARTZ
HARSH Y. RONVELIA
Attorneys for Plaintiff
AP PARPRO, INC.

**DEMAND FOR JURY TRIAL**

In compliance with Federal Rule of Civil Procedure 38(b) and Civil Local Rule 38.1, Plaintiff hereby demands a trial by jury.

DATED: June 24, 2022            SOLOMON WARD SEIDENWURM & SMITH, LLP

By: *Harsh Y. Ronvelia*
DANIEL E. GARDENSWARTZ
HARSH Y. RONVELIA
Attorneys for Plaintiff
AP PARPRO, INC.